**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| PANZICA BUILDING CORPORATION, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) **CASE NO:** 3:20-cv-00875-DRL-MGG |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
|     Defendant. | ) |
| | ) |
| And | ) |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
|     Counterclaim/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PANZICA BUILDING CORPORATION, | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| And | ) |
| | ) |
| JENNIFER PENNINGTON and JOSH | ) |
| PENNINGTON, | ) |
| Third-Party Defendants | ) |

**ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR DECLARATORY JUDGMENT AND**
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**
**FOR DECLARATORY JUDGMENT**

**ANSWER**

Defendant Westfield Insurance Company, by counsel, for its Answer to Plaintiff's Complaint

for Declaratory Judgment, now states:

**The Parties**

1.      Plaintiff, Panzica Building Corporation, is an Indiana Corporation with its principal

place of business in Indiana.

1

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Defendant Westfield Insurance Company is a for profit Ohio Company, licensed to do business within the State of Indiana, with a registered agent located in Indianapolis, Indiana.

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of insurance and costs.

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint regarding the parties being citizens of different states.  Defendant further admits that the amount in controversy is believed to exceed the sum or value of $75,000, but lacks the knowledge or information with which to either admit or deny the remaining material allegations of rhetorical paragraph 3.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants do business and/or reside in this District, and the events underlying this action occurred in this District.

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint.

### The Underlying Contract and Lawsuit

5. Defendant, Westfield Insurance Company, issued an insurance policy under policy number TRA 7 972 182 to Panzica2, A Joint Venture (listed in the policy as "Panzica2Joint Venture"), and its members, for the period of October 30, 2015, through October 30, 2016.  (See

Westfield Insurance Company's Insurance Policy Number: TRA 7 972 182, attached as Exhibit A).

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint.

6.      The above stated insurance policy includes coverage for the individual members of Panzica2Joint Venture pursuant to the terms listed below:

**"SECTION II – WHO IS AN INSURED**

**1.**      If you are designated in the Declarations as . . .

>       **b.**      a partnership or joint venture, you are an insured.  Your members, you [sic] partners, and their spouses are also insureds, but only with respect to the conduct of your business. . ."  (Ex. A, p. 19)

**"J.      WHO IS AN INSURED BROADENED**

>       Under **SECTION II – WHO IS AN INSURED** the following is added to item **1**:

>       **f.      Joint Ventures / Partnership / Limited Liability Company Coverage**
>       You are an insured when you had an interest in a joint venture, partnership or limited liability company which is terminated or ended prior to or during this policy period. . ."  (Ex. A, p. 40)

**RESPONSE:** Defendant responds that Exhibit A speaks for itself and further denies that the quoted language from the "WHO IS AN INSURED BROADENED" is a full and accurate recitation of such provision.  To the extent anything in rhetorical 6 misstates or mischaracterizes the content or spirit of the applicable insurance contract, such is denied.  Defendant denies that these are the only contractual provisions which apply, denies that Exhibit A provides coverage, denies that the applicable Westfield insurance contract provides coverage to Plaintiff, and denies all remaining material allegations contained in rhetorical paragraph 6 of Plaintiff's Complaint.

7.      On or about January 22, 2015, Panzica Building Corporation ("PBC") contracted with Beacon Health Systems ("Beacon") to provide both the design and construction of the New Health

& Lifestyle Fitness Center in Mishawaka, Indiana.  (See the contract between Beacon and PBC is attached hereto as Exhibit B).

**RESPONSE:**  Defendant admits the material allegations contained in rhetorical paragraph 7 of Plaintiff's Complaint.

8.      In or around April of 2018, Jennifer Pennington and her husband Josh Pennington ("the Penningtons") filed a lawsuit ("Underlying Litigation") under Cause No.:  71D04-1804-CT-000160 against Beacon alleging that on November 16, 2016, Jennifer Pennington was injured while swimming laps in the pool because she struck her head on a concrete barrier bordering the swimming lane she chose.

**RESPONSE:**  Defendant admits that the Penningtons filed such a lawsuit making such allegations and answers that the Complaint the Penningtons filed in the underlying litigation speaks for itself.  To the extent anything in rhetorical paragraph 8 of Plaintiff's Complaint misstates or mischaracterizes the content or spirit of the Penningtons' original Complaint, such is denied.  All remaining material allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint are denied.

9.      On July 16, 2020, the Penningtons filed their Fourth Amended Complaint containing allegations against PBC taken within its role as a joint venture.  (See Plaintiffs' Fourth Amended Complaint, attached as Exhibit D).  Specifically, rhetorical paragraphs 11, 22, 35, 36, 37, 38, and 39 of the Penningtons' Fourth Amended Complaint contain allegations against PBC as the manager of the joint venture.  (Ex. D, ¶¶ 11, 35, 36, 37, 38, 39).

**RESPONSE:**  Defendant responds that Exhibit D speaks for itself.  To the extent anything in rhetorical paragraph 9 misstates or mischaracterizes the content or spirit of Exhibit D, such is denied.  All remaining material allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint are denied.

4

10.     Prior to completion and/or design of Beacon's multipurpose lap pool (which remains the only aspect of Beacon's Health and Fitness Center that the Penningtons allege caused their damages) PBC and Panzica Construction Company ("PCC") entered into a joint venture agreement, creating Panzica2, A Joint Venture ("P2JV"). (See Partial Assignment and Assumption of Design/Builder's Rights and Obligations Under Standard Form of Agreement Between Owner and Design/Builder, attached as Exhibit C).

**RESPONSE:** Defendant admits that PBC and PCC entered into a joint venture agreement, creating Panzica2, and further Defendant responds that Exhibit C speaks for itself.  To the extent anything in rhetorical paragraph 10 misstates the content or spirit of Exhibit C, such is denied.

11.     PBC acted as the managing joint venture partner pursuant to this agreement and assignment of obligations and responsibilities.  (See Joint Venture Agreement between Contractors attached as Exhibit E).  As the managing joint venture partner, PBC falls within the scope of the Westfield Insurance Company policy issued to P2JV.

**RESPONSE:**  Defendant responds that Exhibit E speaks for itself.  To the extent anything in rhetorical paragraph 11 misstates or mischaracterizes the content or spirit of Exhibit E, such is denied. Defendant denies that PBC falls within the scope of the insurance contract Westfield issued to P2JV. All remaining material allegations contained in rhetorical paragraph 11 of Plaintiff's Complaint are denied.

12.     Defendant Westfield Insurance Company is potentially liable to pay for any judgment against Plaintiff in the above-mentioned wrongful death action, because the actions taken by Plaintiff PBC as they pertain to the Underlying Litigation were taken by the members of P2JV as members of P2JV.

**RESPONSE:**  Defendant denies the material allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint.

13.     P2JV was an insured and/ is otherwise entitled to liability coverage under the above-mentioned Westfield Insurance Company's insurance policy.

**RESPONSE:** In response to rhetorical paragraph 13 of Plaintiff's Complaint, Defendant answers that P2JV was an insured under the Westfield insurance contract.  Defendant responds that the insurance contract speaks for itself.  Anything in rhetorical paragraph 13 that misstates or mischaracterizes the content or spirit of the applicable insurance contract is denied.  Defendant denies that Exhibit A was in force at the time of Dr. Pennington's injury.

14.     Defendant Westfield Insurance Company is obligated to provide coverage, indemnification, and defense for Plaintiff PBC in relation to the underlying litigation.

**RESPONSE:** Defendant denies the material allegations contained in rhetorical paragraph 14.

15.     A dispute has arisen between Plaintiff PBC and Defendant as to whether, under Westfield Insurance Company's Insurance Policy Number: TRA 7 972 182, Defendant Westfield Insurance Company owes any obligation to provide insurance coverage benefits including defense, indemnification, and/or payment of policy proceeds to or for the benefit of Plaintiff PBC for any alleged damages which could be asserted as a result of the aforementioned accident in April of 2016.

**RESPONSE:** Defendant denies that there was any accident in April of 2016 and accordingly denies that there is any dispute between the parties regarding claims arising out of an incident that took place in April of 2016.  Defendant admits that a dispute exists between the parties with respect to coverage, defense, and indemnity regarding Ms. Pennington's alleged accident in November of 2016.   All remaining material allegations contained in rhetorical paragraph 15 of Plaintiff's Complaint are denied.

16.     An actual controversy exists with respect to these matters, and this Court has jurisdiction to hear the matters as stated herein.

**RESPONSE:** Defendant admits the material allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint.

AFFIRMATIVE DEFENSES

Defendant Westfield Insurance Company, by counsel, for its Affirmative and other Defenses against the Plaintiff, now states:

1.      Defendant restates its responses to rhetorical paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

2.      Defendant generally denies all of Plaintiff's allegations set forth herein above unless otherwise expressly admitted by Defendant.

3.      The Complaint fails to state a claim upon which relief can be granted.

4.      Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and laches.

5.      Allegations made by Plaintiff in the present Complaint are factually and/or legally opposed to allegations made by Plaintiff and/or its attorneys in a separate coverage matter now pending before this Court in *Citizens Insurance Company of America and Hanover Insurance Company v. Panzica Building Corporation, Jennifer Pennington and Josh Pennington*, case no. 3:19-cv-00387-PPS-MGG, arising out of the same underlying litigation, and Plaintiff should be precluded from making such contradictory allegations in the present action.

6.      Plaintiff seeks insurance coverage, a defense, and indemnity under the Westfield insurance contract attached to its Complaint as Exhibit A.  The insuring agreement of such contract is triggered when an insured is obligated to pay damages arising out of an occurrence of bodily injury which takes place during the policy period.  (See Exh. A, p. 11).  The contract attached as Exhibit A covered the policy period of October 30, 2015 through October 30, 2016, and expired seventeen days before Jennifer Pennington's alleged injury.  There is no coverage under the contract attached as Exhibit A to Plaintiff's Complaint for Declaratory Judgment because the Penningtons have not

7

alleged that any bodily injury occurred between October 30, 2015 and October 30, 2016.

7.      PBC is not an "insured" for purposes of liability coverage under any insurance contract Westfield issued to P2JV, as it is not a named insured identified on the declarations, is not identified as an additional insured either on the declarations or any policy endorsement, and does not qualify as an insured under any of the "Who Is an Insured" provisions contained within the contract.

8.      The insurance contact that Westfield issued to P2JV in October of 2016 contained an "Exclusion – Contractors – Professional Liability" exclusion (Exh. A. p. 48) which provides:

> The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **1.**   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
>
> **a.**   Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
>
> **b.**   Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.
>
> **2.**   Subject to Paragraph **3.** below, professional services include:
>
> **a.**   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
>
> **b.**   Supervisory or inspection activities performed as part of any related architectural or engineering activities.

8

**3.**     Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

This exclusion would further preclude coverage for any damages alleged by the Penningtons which arose out of professional services provided by P2JV and/or on behalf of P2JV.

9.     The insurance contact that Westfield issued to P2JV in October of 2016 contained the following provision:

### SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

.     .     .

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

.     .     .

**c.**     You and any other involved insured must:

**(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

.     .     .

**d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

In the event PBC did qualify as a liability insured, which Westfield denies, PBC's failure to comply with said provision operates to preclude and/or reduce its claim.

10.     Defendant reserves the right to raise additional defenses as litigation progresses and as they become known.

WHEREFORE, Defendant Westfield Insurance Company, by counsel, respectfully requests that Plaintiff take nothing by way of its Complaint and that Defendant be awarded all other just and proper relief in the premises.

9

Respectfully submitted,


/s/ Tricia K. Hofmann
Tricia K. Hofmann (#20480-46)


## COUNTERCLAIM AND THIRD-PARTY COMPLAINT
## FOR DECLARATORY JUDGMENT

Counterclaim/Third-Party Plaintiff Westfield Insurance Company ("Westfield"), by counsel, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for its Counterclaim against Plaintiff/Counterclaim Defendant Panzica Building Corporation ("PBC") and its Third-Party Complaint against Third-Party Defendants Jennifer Pennington and Josh Pennington (collectively, "the Penningtons"), now states as follows:

### PARTIES

1.      Westfield is an insurance company incorporated under the laws of the State of Ohio with a principal place of business in the State of Ohio, and which is licensed to do business within the State of Indiana.

2.      PBC is an Indiana Corporation with its principal place of business in Indiana.

3.      Upon information and belief, the Penningtons are residents of St. Joseph County, Indiana

### JURSIDICTION AND VENUE

4.      Jurisdiction is proper in this court, pursuant to 28 U.S.C. § 1332(d), due to the diversity in citizenship of the parties and the fact that the amount in controversy exceeds the sum or value of $75,000.00.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because PBC transacts business in this district, the Penningtons reside in this district, and the events underlying this action

occurred in this district.

<u>THE CONSTRUCTION PROJECT</u>

6.     On or about January 22, 2015, PBC entered into a contract with Beacon Health Systems ("Beacon") to provide both the design and construction of the New Health & Lifestyle Fitness Center in Mishawaka, Indiana ("the construction project").   (See Exhibit B to PBC's Complaint for Declaratory Judgment).

7.     The construction project included the design and construction of a multipurpose lap pool.

8.     PBC enlisted Panzica Construction Company ("PCC") to assist it with the construction project.

9.     In September of 2015, PBC and PCC entered into a joint venture agreement ("the agreement"), creating Panzica2, A Joint Venture ("P2JV"), specifically for the construction project. (See Exhibit E to PBC's Complaint for Declaratory Judgment).

10.      PBC was designated "the Managing Joint Venturer" in the agreement; PCC was described as a "Joint Venturer;" and P2JV was referred to as "the JV."

11.     The agreement provided that PBC and PCC would be jointly responsible for performance of all work on the project, other than with respect to "architectural services," for which PBC was to be solely responsible.

12.     The agreement contained the following insurance-related provisions:

9.1.1   Unless otherwise determined by the Executive Committee, the following insurance requirements apply:

.    .    .

(b)     The Managing Joint Venturer shall extend its Commercial General Liability (CGL) insurance to cover the JV and the Joint Venturers for exposures arising out of the JV.

11

(c)     The JV shall procure Builder's Risk Insurance, unless it is provided by the owner, on the full construction value of the Project.

13.     In a second contract ("the assignment"), PBC assigned to P2JV all of its rights and obligations under the original agreement except that PBC reserved to itself all design obligations. (See Exhibit C to PBC's Complaint for Declaratory Judgment).

<u>THE PENNINGTONS' CLAIMS AND THE UNDERLYING LAWSUIT</u>

14.     The multipurpose lap pool was opened for use in November, 2016.

15.     Upon information and belief, on November 16, 2016, Dr. Jennifer Pennington was swimming laps in the pool and struck her head on a concrete wall or barrier bordering her swimming lane.

16.     On or about April 10, 2018, Dr. Pennington sued Beacon in St. Joseph County, cause number 71D06-1804-CT-000160 ("the underlying litigation") alleging personal injuries resulting from striking her head while using the multipurpose lap pool.  Her husband Josh Pennington joined as a plaintiff in the underlying litigation to pursue a consortium claim.  A true and accurate copy of this Complaint is attached hereto as Exhibit A.

17.     PBC was not named as a party in the Complaint filed in April of 2018 in the underlying litigation.

18.     On or about July 18, 2018, the Penningtons filed a First Amended Complaint, which added a claim against PBC.  A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit B.

19.     On or about August 15, 2018, the Penningtons filed a Second Amended Complaint, which also pursued claims against PBC.  A true and accurate copy of the Second Amended Complaint is attached hereto as Exhibit C.

20.     On or about August 29, 2018, the Penningtons filed a Third Amended Complaint, which pursued claims against both PBC and P2JV.  A true and accurate copy of the Third Amended Complaint is attached hereto as Exhibit D.

21.     On or about July 16, 2020, the Penningtons filed a Fourth Amended Complaint, which added additional claims against both PBC and P2JV.  (See Exhibit D to PBC's Complaint for Declaratory Judgment).

22.     All claims against P2JV in the underlying litigation were dismissed on March 9, 2020 via summary judgment.  That judgment was not appealed.

23.     The underlying litigation is presently stayed pending appeal of the dismissal of another defendant.

<u>CITIZENS' DECLARATORY JUDGMENT ACTION</u>

24.     Citizens Insurance Company ("Citizens") insured PBC under a commercial line policy which was in effect on November 16, 2016.  At that same time, Hanover Insurance Company ("Hanover") insured PBC under a follow-form excess and umbrella policy.

25.     On May 20, 2019, Citizens and Hanover filed a declaratory judgment action in this court, cause number 19-cv-00387-DRL-MGG ("the Citizens declaratory judgment action"), seeking a determination that they owed no duty to defend or indemnify PBC for the Penningtons' claims.

26.     Citizens filed a summary judgment motion in its declaratory judgment action on June 4, 2020.

27.     In response to the summary judgment motion, PBC represented to the court that in the agreement and assignment, PBC expressly did not retain control over the design of the multipurpose lap pool, but rather contracted the design of the multipurpose lap pool to P2JV.  A true and accurate copy of PBC's summary judgment response brief in the Citizens declaratory judgment action is attached hereto as Exhibit E.

28.     PBC represented in its summary judgment response brief that it was P2JV, not PBC, which hired the entity responsible for designing and providing professional architectural services relating to the multipurpose lap pool, and that entity performed its work on behalf of P2JV, not on behalf of PBC.

29.     PBC further represented in its summary judgment response brief that it was P2JV, not PBC, which was responsible for supervising the subcontractors which performed the professional services necessary to design and construct the multipurpose lap pool.

30.     As of the drafting of the present pleading, Citizens' summary judgment motion remains pending.

<u>THE WESTFIELD INSURANCE CONTRACT</u>

31.     Westfield issued an insurance contract to P2JV, policy number TRA7972182 ("the Westfield insurance contract"), which was in force on November 16, 2016.  A true and accurate copy of that contract is attached hereto as Exhibit F.[1]

32.     P2JV is identified as the named insured on the policy declarations of the Westfield insurance contract.

33.     P2JV is designated on the policy declarations of the Westfield insurance contract as a "joint venture."

34.     The Westfield insurance contract contains a commercial general liability policy.  It does not contain a builder's risk policy.

35.     PBC was not identified as a named insured on the policy declarations of the Westfield insurance contract.

---

[1]     PBC attached the incorrect insurance contract to its Complaint for Declaratory Judgment. Exhibit A to PBC's Complaint for Declaratory Judgment expired on October 30, 2016, seventeen days before Dr. Pennington's injury.

36.     PBC was not identified as an additional insured on the policy declarations of the Westfield insurance contract.

37.     PBC was not listed in any schedule of named insureds in the Westfield insurance contract.

38.     Although the Westfield insurance contract included various additional insured endorsements, PBC was not identified by name on any of them.

39.     The main coverage form (CG 0001 04 13) of the Westfield insurance contract included the following pertinent provisions:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

.   .   .

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

.   .   .

**SECTION II – WHO IS AN INSURED**

**1.**      If you are designated in the Declarations as:

.   .   .

     **b.**     A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

.   .   .

**3.**     Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization.  However:

     **a.**     Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

.   .   .

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

.   .   .

**2.**     **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

.   .   .

     **c.**     You and any other involved insured must:

          **(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

.   .   .

     **d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

.   .   .

40.     The Westfield insurance contract also included a Commercial General Liability Contractors Endorsement (CG 7137 11 12), which contained the following pertinent language:

     **I.**     **ADDITIONAL INSUREDS – AUTOMATIC STATUS**

          **SECTION II – WHO IS AN INSURED** is amended to include any person or organization (called additional insured) described in paragraphs a. through

g. below whom you are required to add as an additional insured on this policy under a written contract or written agreement. . . .

[followed by paragraphs a. through f., none of which are applicable to the facts of this case; no paragraph g. is present]

**J.     WHO IS AN INSURED BROADENED**

Under **SECTION II – WHO IS AN INSURED** the following is added to item 1:

**f.**     Joint Ventures / Partnership / Limited Liability Company Coverage

You are an insured when you had an interest in a joint venture, partnership or limited liability company which is terminated or ended prior to or during this policy period but only to the extent of your interest in such joint venture, partnership or limited liability company. This coverage does not apply:

(1)     Prior to the termination date of any joint venture, limited liability company or partnership; or

41.     The Westfield insurance contract further contained two additional insured exclusions, the "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" endorsement (CG 2010 04 13) and the "Additional Insured – Owners, Lessees or Contractors – Completed Operations" endorsement (CG 2037 04 13) ("the additional insured endorsements").

42.     The additional insured endorsements included the following language:

A.     Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to

However:

.     .     .

2.     If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

43.     The Westfield insurance contract also included an "Exclusion – Contractors – Professional Liability" endorsement (form CG 2279 04 13), which read as follows:

17

1.   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a.   Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

   b.   Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2.   Subject to Paragraph 3. below, professional services include:

   a.   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b.   Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.   Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

44.   Pursuant to the terms of the contract, "you" refers to the named insured, P2JV.

45.   Pursuant to the terms of the contract, "you" does not refer to PBC.

46.   PBC does not qualify as a liability insured under paragraph 1. of the "Who Is An Insured" section of the policy because it is not an individual.

47.   PBC does not qualify as a liability insured under paragraph 3. of the "Who Is An Insured" section of the policy because PBC is not an organization P2JV newly acquired or formed.

48.    PBC further does not qualify as a liability insured under paragraph 3. of the "Who Is An Insured" section of the policy because P2JV does not maintain ownership or majority interest over PBC.

49.    PBC does not qualify as a liability insured under paragraph I. of the Commercial General Liability Contractors Endorsement because none of the enumerated subsections apply.

50.    PBC does not qualify as a liability insured under paragraph J. of the Commercial General Liability Contractors Endorsement because P2JV did not have an interest in a joint venture, partnership or limited liability company which was terminated or ended prior to or during the policy period.

51.    PBC further does not qualify as a liability insured under paragraph J. of the Commercial General Liability Contractors Endorsement because, even if "you" were construed to refer to PBC (contrary to the contractual definition of "you"), any coverage which could have applied to PBC as a result of its interest in a joint venture would not apply because the occurrence for which PBC seeks coverage occurred prior to the termination date of the joint venture.

52.    PBC does not qualify as a liability insured under either of the additional insured endorsements because the agreement between PBC and P2JV did not require P2JV to procure commercial general liability coverage for PBC, only builders risk coverage, which is narrower and would not have applied to the Penningtons' claims.

53.    As PBC is not a liability insured on the declarations, via any endorsement, or pursuant to any of the contractual definitions of an "insured," PBC does not qualify as an insured under the Westfield insurance contract.

54.    As PBC is not an insured under the Westfield insurance contract, Westfield does not have a duty to defend PBC against any claims which were or could have been brought in the underlying litigation.

55.     As PBC is not an insured under the Westfield insurance contract, Westfield does not have a duty to indemnify PBC against any claims which were or could have been brought in the underlying litigation.

56.     Even if PBC qualified as a liability insured under the Westfield insurance contract, (which Westfield denies), the "Exclusion – Contractors – Professional Liability" endorsement precludes coverage for all of the claims which the Penningtons have brought or could bring which arise out of P2JV's performance or provision of professional services in connection with the design, engineering, and/or architectural activities related to the multipurpose use pool.

57.     Even if PBC qualified as a liability insured under the Westfield insurance contract, (which Westfield denies), the "Exclusion – Contractors – Professional Liability" endorsement further precludes coverage for all of the claims which the Penningtons have brought or could bring which arise out of professional services performed by an entity hired to perform such services on behalf of P2JV.

58.     In its summary judgment response brief in Citizens' declaratory judgment action, PBC contended that Citizens' identical professional liability endorsement did not apply because the architectural services relating to the multipurpose lap pool were performed on behalf of P2JV, rather than on behalf of PBC.

59.     The architectural services relating to the multipurpose lap pool were performed on behalf of P2JV.

60.     Although it was first named as a defendant in the underlying litigation in July of 2018, PBC did not seek either a defense or indemnity from Westfield until the summer of 2020, after the filing of the Fourth Amended Complaint.

61.     PBC never forwarded copies of the Penningtons' First Amended Complaint, Second Amended Complaint, or Third Amended Complaint to Westfield.

62.    PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the First Amended Complaint.

63.    PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the Second Amended Complaint.

64.    PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the Third Amended Complaint.

65.    PBC did not seek or obtain the consent of Westfield to incur any expenses associated with the First Amended Complaint, Second Amended Complaint, or Third Amended Complaint.

66.    Westfield has no obligation to reimburse PBC for or contribute to any expenses it incurred prior to PBC's tender of defense to Westfield following the filing of the Fourth Amended Complaint.

67.    As a putative insured seeking coverage under the Westfield insurance contract, PBC was required to comply with the contractual duties and requirements which apply to an insured after a loss.

68.    PBC did not tender its defense or seek indemnity from Westfield until approximately two years after it was made a defendant in the underlying action.

69.    By not tendering its defense or seeking coverage or indemnity from Westfield until approximately two years after it was first made a defendant in the underlying litigation, PBC failed to promptly notify Westfield of its desire for a defense and/or indemnity.

70.    Because PBC failed to comply with the notice requirements binding on a putative insured seeking coverage under the contract, PBC waived its right to seek coverage under the Westfield insurance contract.

71.    The Penningtons are being named in this action as parties seeking to recover from PBC who have a potential interest in PBC's indemnity demand to Westfield and a potential interest

in the coverage questions presented herein.

72.    A real and actual controversy exists between the parties, and questions have arisen regarding coverage issues which ought to be decided by this Honorable Court in order to safeguard the rights of the parties hereto.

73.    Westfield has a substantial present interest in the relief sought.

WHEREFORE, Westfield Insurance Company respectfully seeks an order from this Honorable Court:

1.    Declaring that Westfield has no duty to defend PBC against any claims which were raised or could have been raised by the Penningtons in the underlying lawsuit;

2.    Declaring that PBC does not qualify as an "insured" or an "additional insured" under the insurance contract Westfield issued to P2JV;

3.    Declaring that the Westfield insurance contract does not provide coverage for the claims which the Penningtons raised or could have raised in the underlying lawsuit;

4.    Declaring that Westfield has no duty to indemnify against any judgment or settlement which may be entered against PBC in the underlying lawsuit; and

5.    Awarding all other just and proper relief.


Respectfully submitted,


/s/ Tricia K. Hofmann
Tricia K. Hofmann (#20480-46)

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of the filing to all counsel of record in the case.

/s/ Tricia K. Hofmann
Tricia K. Hofmann (#20480-46)