IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PANZICA BUILDING CORPORATION, | ) |
| | ) |
|       Plaintiff / Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
|       Defendant/Counter-Plaintiff/ | ) |
|       Third-Party Plaintiff, | ) |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
|       Defendant / Counter-Plaintiff / | ) |
|       Third-Party Plaintiff, | ) |
| | ) |
| v. | ) **CASE NO.** 3:20-cv-00875-DRL-MGG |
| | ) |
| PANZICA BUILDING CORPORATION, | ) |
| | ) |
|       Plaintiff / Counter-Defendant, | ) |
| | ) |
| **and** | ) |
| | ) |
| JENNIFER PENNINGTON and | ) |
| JOSH PENNINGTON, | ) |
| | ) |
|       Third-Party Defendants. | ) |

**PANZICA BUILDING CORPORATION'S ANSWER TO
COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR
DECLARATORY JUDGMENT**

COMES NOW Counterclaim Defendant, Panzica Building Corporation ("PBC"), by

counsel, Martin J. Gardner, Christopher J. Uyhelji, and Andria M. Oaks of Gardner & Rans P.C.,

and submits the following Answer to Westfield Insurance Company's Counterclaim.

<u>PARTIES</u>

1.      Westfield is an insurance company incorporated under the laws of the State of Ohio with a principal place of business in the State of Ohio, and which is licensed to do business within the State of Indiana.

*__RESPONSE__: Counterclaim Defendant PBC admits the allegations as set forth in rhetorical paragraph one (1) of Westfield's Counterclaim.*

2.      PBC is an Indiana Corporation with its principal place of business in Indiana.

*__RESPONSE__: Counterclaim Defendant PBC admits the allegations as set forth in rhetorical paragraph two (2) of Westfield's Counterclaim.*

3.      Upon information and belief, the Penningtons are residents of St. Joseph County, Indiana.

*__RESPONSE__: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph three (3) of Westfield's Counterclaim and demands strict proof thereof.*

<u>JURSIDICTION AND VENUE</u>

4.      Jurisdiction is proper in this court, pursuant to 28 U.S.C. § 1332(d), due to the diversity in citizenship of the parties and the fact that the amount in controversy exceeds the sum or value of $75,000.00.

*__RESPONSE__: Counterclaim Defendant PBC admits the allegations as set forth in rhetorical paragraph four (4) of Westfield's Counterclaim.*

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because PBC transacts business in this district, the Penningtons reside in this district, and the events underlying this action occurred in this district.

*RESPONSE: Counterclaim Defendant PBC admits the allegations as set forth in rhetorical paragraph five (5) of Westfield's Counterclaim.*

THE CONSTRUCTION PROJECT

6.      On or about January 22, 2015, PBC entered into a contract with Beacon Health Systems ("Beacon") to provide both the design and construction of the New Health & Lifestyle Fitness Center in Mishawaka, Indiana ("the construction project"). (See Exhibit B to PBC's Complaint for Declaratory Judgment).

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph six (6) of Westfield's Counterclaim.*

7.      The construction project included the design and construction of a multipurpose lap pool.

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph seven (7) of Westfield's Counterclaim.*

8.      PBC enlisted Panzica Construction Company ("PCC") to assist it with the construction project.

*RESPONSE: Counterclaim Defendant PBC admits that PCC was involved in the subject construction project.  Counterclaim Defendant PBC denies the remaining allegations as set forth in rhetorical paragraph eight (8) of Westfield's Counterclaim.*

9.       In September of 2015, PBC and PCC entered into a joint venture agreement ("the agreement"), creating Panzica2, A Joint Venture ("P2JV"), specifically for the construction project.  (See Exhibit E to PBC's Complaint for Declaratory Judgment).

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph nine (9) of Westfield's Counterclaim.*

10.     PBC was designated "the Managing Joint Venturer" in the agreement; PCC was described as a "Joint Venturer;" and P2JV was referred to as "the JV."

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph ten (10) of Westfield's Counterclaim.*

11.     The agreement provided that PBC and PCC would be jointly responsible for performance of all work on the project, other than with respect to "architectural services," for which PBC was to be solely responsible.

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph eleven (11) of Westfield's Counterclaim.*

12.     The agreement contained the following insurance-related provisions:

> 9.1.1   Unless otherwise determined by the Executive Committee, the following insurance requirements apply:
>
> * * *
>
> (b)   The Managing Joint Venturer shall extend its Commercial General Liability (CGL) insurance to cover the JV and the Joint Venturers for exposures arising out of the JV.
>
> (c)   The JV shall procure Builder's Risk Insurance, unless it is provided by the owner, on the full construction value of the Project.

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph twelve (12) of Westfield's Counterclaim.*

13.     In a second contract ("the assignment"), PBC assigned to P2JV all of its rights and obligations under the original agreement except that PBC reserved to itself all design obligations. (See Exhibit C to PBC's Complaint for Declaratory Judgment).

*RESPONSE: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirteen (13) of Westfield's Counterclaim.*

THE PENNINGTONS' CLAIMS AND THE UNDERLYING LAWSUIT

14.     The multipurpose lap pool was opened for use in November, 2016.

*RESPONSE: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph fourteen (14) of Westfield's Counterclaim and demands strict proof thereof.*

15.     Upon information and belief, on November 16, 2016, Dr. Jennifer Pennington was swimming laps in the pool and struck her head on a concrete wall or barrier bordering her swimming lane.

*RESPONSE: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph fifteen (15) of Westfield's Counterclaim and demands strict proof thereof.*

16.     On or about April 10, 2018, Dr. Pennington sued Beacon in St. Joseph County, cause number 71D06-1804-CT-000160 ("the underlying litigation") alleging personal injuries resulting from striking her head while using the multipurpose lap pool. Her husband Josh Pennington joined as a plaintiff in the underlying litigation to pursue a consortium claim. A true and accurate copy of this Complaint is attached hereto as Exhibit A.

*RESPONSE: The Penningtons' Complaint speaks for itself and is the best evidence of its content. As to the remaining allegations, Counterclaim Defendant PBC is without*

*sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph sixteen (16) of Westfield's Counterclaim and demands strict proof thereof.*

17.     PBC was not named as a party in the Complaint filed in April of 2018 in the underlying litigation.

*__RESPONSE__: Counterclaim Defendant PBC admits that it was not named as a party in the Penningtons' original Complaint in the underlying action. The Penningtons' Complaint speaks for itself and is the best evidence of its content. As to the remaining allegations, Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph seventeen (17) of Westfield's Counterclaim and demands strict proof thereof.*

18.     On or about July 18, 2018, the Penningtons filed a First Amended Complaint, which added a claim against PBC. A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit B.

*__RESPONSE__: Counterclaim Defendant PBC admits that it was named as a party in Penningtons' amended Complaints in the underlying action. The Penningtons' amended Complaints speak for themselves and are the best evidence of their content. As to the remaining allegations, Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph eighteen (18) of Westfield's Counterclaim and demands strict proof thereof.*

19.     On or about August 15, 2018, the Penningtons filed a Second Amended Complaint, which also pursued claims against PBC. A true and accurate copy of the Second Amended Complaint is attached hereto as Exhibit C.

***RESPONSE**: Counterclaim Defendant PBC admits that it was named as a party in Penningtons' amended Complaints in the underlying action. The Penningtons' amended Complaints speak for themselves and are the best evidence of their content. As to the remaining allegations, Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph nineteen (19) of Westfield's Counterclaim and demands strict proof thereof.*

20.     On or about August 29, 2018, the Penningtons filed a Third Amended Complaint, which pursued claims against both PBC and P2JV. A true and accurate copy of the Third Amended Complaint is attached hereto as Exhibit D.

***RESPONSE**: Counterclaim Defendant PBC admits that it was named as a party in Penningtons' amended Complaints in the underlying action. The Penningtons' amended Complaints speak for themselves and are the best evidence of their content. As to the remaining allegations, Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph twenty (20) of Westfield's Counterclaim and demands strict proof thereof.*

21.     On or about July 16, 2020, the Penningtons filed a Fourth Amended Complaint, which added additional claims against both PBC and P2JV. (See Exhibit D to PBC's Complaint for Declaratory Judgment).

***RESPONSE**: Counterclaim Defendant PBC admits that it was named as a party in Penningtons' amended Complaints in the underlying action. Counterclaim Defendant PBC further admits that P2JV was named as a party in Penningtons' amended*

*Complaints in the underlying action. The Penningtons' amended Complaints speak for themselves and are the best evidence of their content. As to the remaining allegations, Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph twenty-one (21) of Westfield's Counterclaim and demands strict proof thereof.*

22.     All claims against P2JV in the underlying litigation were dismissed on March 9, 2020 via summary judgment. That judgment was not appealed.

*RESPONSE: Counterclaim Defendant PBC admits that claims against P2JV were dismissed in the underlying action.  The trial court's orders and opinions in the underlying action speak for themselves and are the best evidence of their content.  To PBC's knowledge, the dismissal of P2JV has not yet been appealed.  Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph twenty-two (22) of Westfield's Counterclaim and demands strict proof thereof.*

23.     The underlying litigation is presently stayed pending appeal of the dismissal of another defendant.

*RESPONSE: Counterclaim Defendant PBC admits that the underlying action is presently stayed pending appeal. The trial court's orders and opinions in the underlying action speak for themselves and are the best evidence of their content.*

CITIZENS' DECLARATORY JUDGMENT ACTION

24.     Citizens Insurance Company ("Citizens") insured PBC under a commercial line policy which was in effect on November 16, 2016. At that same time, Hanover Insurance Company ("Hanover") insured PBC under a follow-form excess and umbrella policy.

**RESPONSE: Counterclaim Defendant PBC admits that it was insured by Citizens and Hanover. PBC's insurance policies with Citizens and Hanover speak for themselves and are the best evidence of their content.**

25.     On May 20, 2019, Citizens and Hanover filed a declaratory judgment action in this court, cause number 19-cv-00387-DRL-MGG ("the Citizens declaratory judgment action"), seeking a determination that they owed no duty to defend or indemnify PBC for the Penningtons' claims.

**RESPONSE: Counterclaim Defendant PBC admits that Citizens and Hanover filed a declaratory judgment action in this court, cause number 19-cv-00387-DRL-MGG. The above-mentioned declaratory judgment action speaks for itself and is the best evidence of its content.**

26.     Citizens filed a summary judgment motion in its declaratory judgment action on June 4, 2020.

**RESPONSE: Counterclaim Defendant PBC admits that Citizens filed a motion for summary judgment in the declaratory judgment action. The above-mentioned motion for summary judgment speaks for itself and is the best evidence of its content.**

27.     In response to the summary judgment motion, PBC represented to the court that in the agreement and assignment, PBC expressly did not retain control over the design of the multipurpose lap pool, but rather contracted the design of the multipurpose lap pool to P2JV. A

true and accurate copy of PBC's summary judgment response brief in the Citizens declaratory judgment action is attached hereto as Exhibit E.

>	***RESPONSE*: Counterclaim Defendant PBC admits that it responded to Citizens' motion for summary judgment in the declaratory judgment action. The above-mentioned response to motion for summary judgment speaks for itself and is the best evidence of its content. To the extent rhetorical paragraph twenty-seven (27) of Westfield's Counterclaim mischaracterizes, misstates, or misconstrues the response, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph twenty-seven (27) of Westfield's Counterclaim.**

28.	PBC represented in its summary judgment response brief that it was P2JV, not PBC, which hired the entity responsible for designing and providing professional architectural services relating to the multipurpose lap pool, and that entity performed its work on behalf of P2JV, not on behalf of PBC.

>	***RESPONSE*: Counterclaim Defendant PBC admits that it responded to Citizens' motion for summary judgment in the declaratory judgment action. The above-mentioned response to motion for summary judgment speaks for itself and is the best evidence of its content. To the extent rhetorical paragraph twenty-eight (28) of Westfield's Counterclaim mischaracterizes, misstates, or misconstrues the response, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph twenty-eight (28) of Westfield's Counterclaim.**

29.	PBC further represented in its summary judgment response brief that it was P2JV, not PBC, which was responsible for supervising the subcontractors which performed the professional services necessary to design and construct the multipurpose lap pool.

***RESPONSE**: Counterclaim Defendant PBC admits that it responded to Citizens' motion for summary judgment in the declaratory judgment action. The above-mentioned response to motion for summary judgment speaks for itself and is the best evidence of its content.   To the extent rhetorical paragraph twenty-nine (29) of Westfield's Counterclaim mischaracterizes, misstates, or misconstrues the response, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph twenty-nine (29) of Westfield's Counterclaim.*

30.     As of the drafting of the present pleading, Citizens' summary judgment motion remains pending.

***RESPONSE**: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph thirty (30) of Westfield's Counterclaim and demands strict proof thereof.*

<u>THE WESTFIELD INSURANCE CONTRACT</u>

31.     Westfield issued an insurance contract to P2JV, policy number TRA7972182 ("the Westfield insurance contract"), which was in force on November 16, 2016. A true and accurate copy of that contract is attached hereto as Exhibit F.[1]

***RESPONSE**: Counterclaim Defendant PBC admits that P2JV was issued an insurance policy by Westfield.  The referenced document speaks for itself and is the best evidence of its content.*

32.     P2JV is identified as the named insured on the policy declarations of the Westfield insurance contract.

---

[1] PBC attached the incorrect insurance contract to its Complaint for Declaratory Judgment.  Exhibit A to PBC's Complaint for Declaratory Judgment expired on October 30, 2016, seventeen days before Dr. Pennington's injury.

***RESPONSE****: Counterclaim Defendant PBC admits that P2JV is a named insured on the insurance policy by Westfield.  The referenced document speaks for itself and is the best evidence of its content.*

33.      P2JV is designated on the policy declarations of the Westfield insurance contract as a "joint venture."

***RESPONSE****: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-three (33) of Westfield's Counterclaim.*

34.      The Westfield insurance contract contains a commercial general liability policy. It does not contain a builder's risk policy.

***RESPONSE****: The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-four (34) of Westfield's Counterclaim.*

35.      PBC was not identified as a named insured on the policy declarations of the Westfield insurance contract.

***RESPONSE****: PBC was/is an insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-five (35) of Westfield's Counterclaim.*

36.      PBC was not identified as an additional insured on the policy declarations of the Westfield insurance contract.

***RESPONSE****: PBC was/is an additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its*

*content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-six (36) of Westfield's Counterclaim.*

37.     PBC was not listed in any schedule of named insureds in the Westfield insurance contract.

**<u>RESPONSE</u>:** *PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-seven (37) of Westfield's Counterclaim.*

38.     Although the Westfield insurance contract included various additional insured endorsements, PBC was not identified by name on any of them.

**<u>RESPONSE</u>:** *PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-eight (38) of Westfield's Counterclaim.*

39.     The main coverage form (CG 0001 04 13) of the Westfield insurance contract included the following pertinent provisions:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
>
> .   .   .

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

.  .  .

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

.  .  .

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

.  .  .

**2.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

.  .  .

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

.  .  .

**3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

.  .  .

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

.  .  .

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

.  .  .

-14-

*__RESPONSE__: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of    its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph thirty-nine (39) of Westfield's Counterclaim.*

40.     The Westfield insurance contract also included a Commercial General Liability Contractors Endorsement (CG 7137 11 12), which contained the following pertinent language:

    **I.**     **ADDITIONAL INSUREDS – AUTOMATIC STATUS**

        **SECTION II – WHO IS AN INSURED** is amended to include any person or organization (called additional insured) described in paragraphs a. through g. below whom you are required to add as an additional insured on this policy under a written contract or written agreement. . . .

        [followed by paragraphs a. through f., none of which are applicable to the facts of this case; no paragraph g. is present]

    **J.**     **WHO IS AN INSURED BROADENED**

        Under **SECTION II – WHO IS AN INSURED** the following is added to item 1:

        **f.**     Joint Ventures / Partnership / Limited Liability Company Coverage

        You are an insured when you had an interest in a joint venture, partnership or limited liability company which is terminated or ended prior to or during this policy period but only to the extent of your interest in such joint venture, partnership or limited liability company. This coverage does not apply:

        (1)     Prior to the termination date of any joint venture, limited liability company or partnership; or

*__RESPONSE__: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty (40) of Westfield's Counterclaim.*

41.     The Westfield insurance contract further contained two additional insured exclusions, the "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" endorsement (CG 2010 04 13) and the "Additional Insured – Owners, Lessees or Contractors – Completed Operations" endorsement (CG 2037 04 13) ("the additional insured endorsements").

**_RESPONSE_: _PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-one (41) of Westfield's Counterclaim._**

42.     The additional insured endorsements included the following language:

> A.     Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to

However:

.   .   .

> 2.   If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**_RESPONSE_: _PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-two (42) of Westfield's Counterclaim._**

43.     The Westfield insurance contract also included an "Exclusion – Contractors – Professional Liability" endorsement (form CG 2279 04 13), which read as follows:

> 1.     This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

      a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

      b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2. Subject to Paragraph 3. below, professional services include:

      a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

      b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

**_RESPONSE_**_: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-three (43) of Westfield's Counterclaim._

44.    Pursuant to the terms of the contract, "you" refers to the named insured, P2JV.

**_RESPONSE_**_: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-four (44) of Westfield's Counterclaim._

45.    Pursuant to the terms of the contract, "you" does not refer to PBC.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-five (45) of Westfield's Counterclaim.*

46.     PBC does not qualify as a liability insured under paragraph 1. of the "Who Is An Insured" section of the policy because it is not an individual.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-six (46) of Westfield's Counterclaim.*

47.     PBC does not qualify as a liability insured under paragraph 3. of the "Who Is An Insured" section of the policy because PBC is not an organization P2JV newly acquired or formed.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-seven (47) of Westfield's Counterclaim.*

48.     PBC further does not qualify as a liability insured under paragraph 3. of the "Who Is An Insured" section of the policy because P2JV does not maintain ownership or majority interest over PBC.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield. The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-eight (48) of Westfield's Counterclaim.*

49.     PBC does not qualify as a liability insured under paragraph I. of the Commercial General Liability Contractors Endorsement because none of the enumerated subsections apply.

***RESPONSE****: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph forty-nine (49) of Westfield's Counterclaim.*

50.     PBC does not qualify as a liability insured under paragraph J. of the Commercial General Liability Contractors Endorsement because P2JV did not have an interest in a joint venture, partnership or limited liability company which was terminated or ended prior to or during the policy period.

***RESPONSE****: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty (50) of Westfield's Counterclaim.*

51.     PBC further does not qualify as a liability insured under paragraph J. of the Commercial General Liability Contractors Endorsement because, even if "you" were construed to refer to PBC (contrary to the contractual definition of "you"), any coverage which could have applied to PBC as a result of its interest in a joint venture would not apply because the occurrence for which PBC seeks coverage occurred prior to the termination date of the joint venture.

***RESPONSE****: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty-one (51) of Westfield's Counterclaim.*

52.     PBC does not qualify as a liability insured under either of the additional insured endorsements because the agreement between PBC and P2JV did not require P2JV to procure commercial general liability coverage for PBC, only builders risk coverage, which is narrower and would not have applied to the Penningtons' claims.

**_RESPONSE_: _PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty-two (52) of Westfield's Counterclaim._**

53.     As PBC is not a liability insured on the declarations, via any endorsement, or pursuant to any of the contractual definitions of an "insured," PBC does not qualify as an insured under the Westfield insurance contract.

**_RESPONSE_: _PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  Counterclaim Defendant PBC denies the allegations as set forth in rhetorical paragraph fifty-three (53) of Westfield's Counterclaim._**

54.     As PBC is not an Insured under the Westfield insurance contract, Westfield does not have a duty to defend PBC against any claims which were or could have been brought in the underlying litigation.

**_RESPONSE_: _PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  Counterclaim Defendant PBC denies the allegations as set forth in rhetorical paragraph fifty-four (54) of Westfield's Counterclaim._**

55.     As PBC is not an insured under the Westfield insurance contract, Westfield does not have a duty to indemnify PBC against any claims which were or could have been brought in the underlying litigation.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  Counterclaim Defendant PBC denies the allegations as set forth in rhetorical paragraph fifty-five (55) of Westfield's Counterclaim.*

56.     Even if PBC qualified as a liability insured under the Westfield insurance contract, (which Westfield denies), the "Exclusion – Contractors – Professional Liability" endorsement precludes coverage for all of the claims which the Penningtons have brought or could bring which arise out of P2JV's performance or provision of professional services in connection with the design, engineering, and/or architectural activities related to the multipurpose use pool.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty-six (56) of Westfield's Counterclaim.*

57.     Even if PBC qualified as a liability insured under the Westfield insurance contract, (which Westfield denies), the "Exclusion – Contractors – Professional Liability" endorsement further precludes coverage for all of the claims which the Penningtons have brought or could bring which arise out of professional services performed by an entity hired to perform such services on behalf of P2JV.

***RESPONSE**: PBC was/is an insured and additional insured on the insurance policy issued by Westfield.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty-seven (57) of Westfield's Counterclaim.*

58.     In its summary judgment response brief in Citizens' declaratory judgment action, PBC contended that Citizens' identical professional liability endorsement did not apply because

the architectural services relating to the multipurpose lap pool were performed on behalf of P2JV, rather than on behalf of PBC.

> **_RESPONSE_**_: Counterclaim Defendant PBC admits that it responded to Citizens' motion for summary judgment in the declaratory judgment action. The above-mentioned response to motion for summary judgment speaks for itself and is the best evidence of its content. To the extent rhetorical paragraph fifty-eight (58) of Westfield's Counterclaim mischaracterizes, misstates, or misconstrues the response, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph fifty-eight (58) of Westfield's Counterclaim._

59.     The architectural services relating to the multipurpose lap pool were performed on behalf of P2JV.

> **_RESPONSE_**_: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph fifty-nine (59) of Westfield's Counterclaim._

60.     Although it was first named as a defendant in the underlying litigation in July of 2018, PBC did not seek either a defense or indemnity from Westfield until the summer of 2020, after the filing of the Fourth Amended Complaint.

> **_RESPONSE_**_: Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content. To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in_

*rhetorical paragraph sixty (60) of Westfield's Counterclaim and demands strict proof thereof.*

61.     PBC never forwarded copies of the Penningtons' First Amended Complaint, Second Amended Complaint, or Third Amended Complaint to Westfield.

**<u>RESPONSE</u>***: Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content.  To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in rhetorical paragraph sixty-one (61) of Westfield's Counterclaim and demands strict proof thereof.*

62.     PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the First Amended Complaint.

**<u>RESPONSE</u>***: Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content.  To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in rhetorical paragraph sixty-two (62) of Westfield's Counterclaim and demands strict proof thereof.*

63.    PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the Second Amended Complaint.

***RESPONSE***: *Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content.  To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in rhetorical paragraph sixty-three (63) of Westfield's Counterclaim and demands strict proof thereof.*

64.    PBC never suggested that it was entitled to either a defense or indemnity from Westfield with respect to the allegations made against it in the Third Amended Complaint.

***RESPONSE***: *Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content.  To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in rhetorical paragraph sixty-four (64) of Westfield's Counterclaim and demands strict proof thereof.*

65.    PBC did not seek or obtain the consent of Westfield to incur any expenses associated with the First Amended Complaint, Second Amended Complaint, or Third Amended Complaint.

**RESPONSE**: *Counterclaim Defendant PBC denies that Westfield lacked sufficient notice of the underlying lawsuit relative to PBC's claims against Westfield in the above-captioned matter. Counterclaim Defendant PBC is entitled to a defense and indemnity from Westfield relative to the underlying lawsuit. The underlying litigation speaks for itself and is the best evidence of its content.  To the extent an additional response is required, Counterclaim Defendant PBC denies the remaining allegations contained in rhetorical paragraph sixty-five (65) of Westfield's Counterclaim and demands strict proof thereof.*

66.    Westfield has no obligation to reimburse PBC for or contribute to any expenses it incurred prior to PBC's tender of defense to Westfield following the filing of the Fourth Amended Complaint.

**RESPONSE**: *Counterclaim Defendant PBC denies allegations contained in rhetorical paragraph sixty-six (66) of Westfield's Counterclaim and demands strict proof thereof.*

67.    As a putative insured seeking coverage under the Westfield insurance contract, PBC was required to comply with the contractual duties and requirements which apply to an insured after a loss.

**RESPONSE**: *Counterclaim Defendant PBC admits that it is entitled to coverage under the Westfield insurance contract.  The referenced document speaks for itself and is the best evidence of its content and as such, Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph sixty-seven (67) of Westfield's Counterclaim.*

68.    PBC did not tender its defense or seek indemnity from Westfield until approximately two years after it was made a defendant in the underlying action.

*__RESPONSE__: Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph sixty-eight (68) Westfield's Counterclaim and demands strict proof thereof.*

69.     By not tendering its defense or seeking coverage or indemnity from Westfield until approximately two years after it was first made a defendant in the underlying litigation, PBC failed to promptly notify Westfield of its desire for a defense and/or indemnity.

*__RESPONSE__: Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph sixty-nine (69) of Westfield's Counterclaim and demands strict proof thereof.*

70.     Because PBC failed to comply with the notice requirements binding on a putative insured seeking coverage under the contract, PBC waived its right to seek coverage under the Westfield insurance contract.

*__RESPONSE__: Counterclaim Defendant PBC denies the allegations contained in rhetorical paragraph seventy (70) of Westfield's Counterclaim and demands strict proof thereof.*

71.     The Penningtons are being named in this action as parties seeking to recover from PBC who have a potential interest in PBC's indemnity demand to Westfield and a potential interest in the coverage questions presented herein.

*__RESPONSE__: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph seventy-one (71) of Westfield's Counterclaim and demands strict proof thereof.*

72.     A real and actual controversy exists between the parties, and questions have arisen regarding coverage issues which ought to be decided by this Honorable Court in order to safeguard the rights of the parties hereto.

*RESPONSE: Counterclaim Defendant PBC admits the allegations contained in rhetorical paragraph seventy-two (72) of Westfield's Counterclaim.*

73.     Westfield has a substantial present interest in the relief sought.

*RESPONSE: Counterclaim Defendant PBC is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph seventy-three (73) of Westfield's Counterclaim and demands strict proof thereof.*

WHEREFORE, Counterclaim Defendant Panzica Building Corporation, Inc. respectfully seeks an order from this Honorable Court:

1. Declaring that Westfield has a duty to defend PBC against any claims which were raised or could have been raised by the Penningtons in the underlying lawsuit;

2. Declaring that PBC qualifies as an "insured" or an "additional insured" under the insurance contract Westfield issued to P2JV;

3. Declaring that the Westfield insurance contract does provide coverage for the claims which the Penningtons raised or could have raised in the underlying lawsuit;

4. Declaring that Westfield has a duty indemnify against any judgment or settlement which may be entered against PBC in the underlying lawsuit; and

5. Awarding all other just and proper relief.

Respectfully submitted,


/s/Martin J. Gardner
Martin J. Gardner #11557-49
Christopher J. Uyhelji  #28814-53
Andria M. Oaks  #35328-46
Gardner & Rans, P.C.
202 S. Michigan Street, Suite 801
South Bend, Indiana 46601
Telephone: (574) 233-6035
mgardner@gardnerandrans.com
cuyhelji@gardnerandrans.com
aoaks@gardnerandrans.com


## **ADDITIONAL DEFENSES**

COMES NOW Panzica Building Corporation, by counsel, and as its Additional Defenses states the following:

1.      Counter-Claim Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

2.      Counter-Claim Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.      Counter-Claim Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

4.      Counter-Claim Plaintiff's claims are barred by its election of remedies.

5.      Counter-Claim Defendant reserves its right to assert all defenses that may be pertinent to the Complaint once such claims are explored through the course of discovery.

6.      To the extent any allegation in the Complaint has not been specifically responded to, it is hereby denied.

7.      Counter-Claim Defendant reserves the right to amend and/or supplement their additional defenses.

Respectfully submitted,

/s/Martin J. Gardner
Martin J. Gardner #11557-49
Christopher J. Uyhelji  #28814-53
Andria M. Oaks  #35328-46
Gardner & Rans, P.C.
202 S. Michigan Street, Suite 801
South Bend, Indiana 46601
Telephone: (574) 233-6035
mgardner@gardnerandrans.com
cuyhelji@gardnerandrans.com
aoaks@gardnerandrans.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the following counsel of record in the case:

Tricia K. Hofmann
Waters, Tyler, Hofmann & Scott LLC
1947 East Spring Street
New Albany, Indiana 47150-1658
Email: THofmann@WTHSLaw.com

Daniel H. Pfeifer
Peter D. Hamann
Pfeifer Morgan & Stesiak
53600 North Ironwood Drive
South Bend, Indiana 46635
Email: DPfeifer@PILawyers.com
        PHamann@PILawyers.com

/s/Martin J. Gardner
Martin J. Gardner #11557-49